# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KEVIN ANTONIO GREENWELL,  *

Petitioner  *

v  *  Civil Action No. PWG-14-164
Related Crim. Action No. PWG-13-189

UNITED STATES  *

Respondent  *

***

## MEMORANDUM

The court is in receipt of correspondence from self-represented prisoner Kevin Antonio Greenwell. ECF No. 81. The court deems the correspondence more properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside, or Correct, and will grant Greenwell twenty-eight days to state whether he wants this matter to proceed as a § 2255 motion, withdraw the pleading, or have it ruled on as filed.

Greenwell pled guilty before this court to conspiracy to distribute cocaine base and cocaine and being a felon in possession of a firearm. On October 16, 2013, he was sentenced to a term of 87 months incarceration. ECF No. 72. Greenwell did not appeal.

The Court now is in receipt of correspondence from Greenwell wherein he states that he should not have been convicted or sentenced as to count one of the indictment, claiming that the count had been dismissed. ECF No. 81. Greenwell is attacking the validity of his conviction and sentence, and the appropriate avenue to bring his challenge by way of a § 2255 motion.[1] *See*

---

[1] 28 U.S.C. § 2255 provides in relevant part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

*Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status). Courts may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

In accordance with *Castro*, 540 U.S. at 381-82, Greenwell is notified of the Court's intent to construe his pleading as a Motion to Vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* Greenwell will be granted twenty-eight days to inform the Court whether he wants to withdraw or amend the motion or proceed with it as filed. In the event Greenwell fails to state his intentions timely, the Court may treat his filing as a motion under 28 U.S.C§2255. A§2255 forms and information packet will be sent to Greenwell to assist him in supplementing his pleading should he intend to pursue his claims accordingly. Greenwell is instructed to write the above civil case number on all documents he files in this case.

For the reasons stated above, the Court intends to construe the motion pursuant to 28 U.S.C.§2255. Greenwell will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the pleading or proceed with it as filed. A separate Order follows.

\_\_\_0\3\14_____
Date                                              Paul W. Grimm
                                                  United States District Judge